# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DERRICK L JOHNSON-BEY,                                                                    PETITIONER
ADC #110079

v.                                            5:19cv00150-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## I.    BACKGROUND

Derrick L. Johnson-Bey is a prisoner of the Arkansas Department of Correction, who, according to Arkansas court records, was convicted on November 26, 1996, in the Pulaski County Circuit Court of two counts of aggravated robbery, a single count of theft of property, and a single count of commercial burglary.[1] Additionally, Petitioner pleaded guilty to a single count of murder in the first degree and battery in the first degree in the same court on December 5, 1996.

According to the instant Petition, Mr. Johnson-Bey has "exhausted all [his] Administrative Remedies in Pulaski County Circuit Court." (Doc. No. 2 at 4.) Petitioner remarks that exhaustion has been fulfilled by filing "a notice in the nature of writ of error coram nobis," "a demand for dismissal or state the proper jurisdiction," and "a tort notice complaint for racketeering/deprivation of rights/conspiracy against rights." (*Id.*) He provides no other details regarding these filings, but records located through the Arkansas Judiciary indicate Mr. Johnson-Bey filed the petition for a writ of *error coram nobis* with the Pulaski County Circuit Court on May 17, 2017. This petition was denied on April 22, 2019.

---

[1] Mr. Johnson-Bey's court records can be found at https://caseinfo.arcourts.gov under the case numbers 60CR-96-1124 and 60CR-96-1310.

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 cases (mandating *sua sponte* dismissal of habeas petition where it is clear from the face of the petition that the petitioner is not entitled to relief).

## III.    ANALYSIS

Mr. Johnson-Bey's Petition (Doc. No. 2) is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Since Mr. Johnson-Bey filed no appeal in the state courts, his time began to run on March 5, 1997 – 90 days after he pleaded guilty in the Pulaski County Circuit Court[2].  Although he filed a petition for a writ of *error coram nobis* in 2015, such a filing would not serve as a way to resurrect an untimely federal habeas claim.  *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[B]y the time Painter filed his state-court application on November 11, 1997, there was no federal limitations period remaining to toll, and the [federal habeas corpus] petition was properly dismissed as time-barred.").  Mr. Johnson-Bey's present Petition for Writ of Habeas Corpus is more than twenty years too late.

I also find Mr. Johnson-Bey is not entitled to equitable tolling.  Equitable tolling is only appropriate when a petitioner (1) shows that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Mr. Johnson-Bey has not alleged any extraordinary circumstance that kept him from filing his petition within the one-year limitation period.  Petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, do not justify equitable tolling.  *See*, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).  In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered

---

[2] Arkansas appellate court rules allow 90 days to perfect an appeal by lodging the appropriate record with the Arkansas Supreme Court.  Ark. R. App. P. Civ. 5(a).  This 90-day application period is tolled for the purposes of filing a petition for a writ of habeas corpus in a federal district court.  *Evans v. Chavis*, 546 U.S. 189 (2006).

such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). In this case, Mr. Johnson-Bey presents no evidence he pursued his claims with the level of diligence required for me to grant any equitable tolling. He selectively applied for various forms of relief on the state level, but all of these attempts occurred more than twenty years after Mr. Johnson-Bey's sentence was imposed.

Nevertheless, 28 U.S.C. § 2254(b)(2) gives district courts the discretion to deny a habeas corpus petition on the merits even if it contains unexhausted claims. Given the claims, I find it best to exercise this discretion to evaluate the violation alleged by Mr. Johnson-Bey. In this case, the argument put forth by the Petitioner is meritless.

Mr. Johnson-Bey's purported status as a "Moorish American National Sovereign" does not place him beyond the reach of federal or state law. *See United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting the argument "that the federal courts lack subject matter jurisdiction over [the defendant] and that the laws he is charged with violating are inapplicable to him because he is a Native Asiatic Moorish National Citizen"); *Freeman v. Bernsen*, 2014 WL 1316249 (E.D. Mo. Apr. 2, 2014) (holding that "petitioner's purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence"); *Clay v. Missouri*, 2014 WL 260097 (E.D. Mo. Jan. 23, 2014) (rejecting as frivolous the argument that anyone associated with the petitioner's state criminal action "acted unlawfully simply because he believes it so under a Moorish law that is not recognized by this Court"). Petitioner states he was "born here in America," making him a U.S. citizen. (Doc. No. 2 at 2.) He asserts no other possible rationale for having immunity from state or federal law. Accordingly, I find that Mr. Johnson-Bey's argument based upon this Moorish National theory is founded on baseless factual contentions and should be dismissed as meritless.

IV.     **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time-barred. Therefore, no certificate of appealability should be issued.

V.     **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2.     A certificate of appealability should not be issued.

DATED this 23rd day of July 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE